IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FAUSTINO FABRO, | ) | CIVIL NO. 16-00467 DKW-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | GRANT PLAINTIFF'S MOTION FOR |
| vs. | ) | REMAND AND DENY PLAINTIFF'S |
| | ) | REQUEST FOR ATTORNEYS' FEE AND |
| AQUA-ASTON HOSPITALITY, LLC, | ) | COSTS |
| fka ASTON HOTELS & RESORTS, | ) | |
| LLC dba ASTON WAIKIKI BEACH | ) | |
| HOTEL; DOE DEFENDANTS 1-50,, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR
REMAND AND DENY PLAINTIFF'S REQUEST FOR ATTORNEYS' FEE AND COSTS[1]

Before the Court is Plaintiff's Motion for Remand,
filed on September 21, 2016 ("Motion").  ECF No. 10.  Defendant
Aqua-Aston Hospitality, LLC dba Aston Waikiki Beach Hotel
("Aston") filed its Opposition on October 5, 2016.  ECF No. 12.
Plaintiff filed his Reply on October 18, 2016.  ECF No. 13.  The
Court found this matter suitable for disposition without a
hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of
the United States District Court for the District of Hawaii.  ECF
No. 11.  After carefully reviewing the submissions of the parties
and the relevant legal authority, the Court FINDS that this case

_____

[1] Within fourteen days after a party is served with a copy
of the Findings and Recommendation, that party may, pursuant to
28 U.S.C. § 636(b)(1), file written objections in the United
States District Court.  A party must file any objections within
the fourteen-day period allowed if that party wants to have
appellate review of the Findings and Recommendation.  If no
objections are filed, no appellate review will be allowed.

was not properly removed and RECOMMENDS that the district court GRANT Plaintiff's Motion for Remand and DENY Plaintiff's request for attorneys' fees and costs.

<u>BACKGROUND</u>

Plaintiff filed this action in the Circuit Court of the First Circuit, State of Hawaii, on June 15, 2016.  ECF No. 8-4.  Aston filed a Notice of Removal on August 23, 2016, and an Amended Notice of Removal on August 31, 2016.  ECF Nos. 1, 7.  Aston asserts that removal is appropriate because this Court has federal question jurisdiction over Plaintiff's state law claims, which Aston contends implicate significant federal issues.  <u>See</u> ECF No. 7 ¶ 7.  In his Complaint, Plaintiff alleges that Aston violated Hawaii Revised Statutes Section 387-3 by failing to pay overtime and Section 388-6 by unlawfully withholding overtime pay and other wages.  <u>See</u> ECF No. 8-4 ¶¶ 18-23.

Hawaii Revised Statutes Section 387-3 provides that "[n]o employer shall, except as otherwise provided in this section, employ any employee for a workweek longer than forty hours unless the employee receives overtime compensation."  Haw. Rev. Stat. § 387-3.  Section 387-1 defines "employee" for purposes of Chapter 387.  <u>See</u> Haw. Rev. Stat. § 387-1.  Section 387-1 excludes from the definition of "employee" any individual for whom "the minimum wage which may be paid the employee or the maximum hours which the employee may work during any workweek

without the payment of overtime, are prescribed by the federal

Fair Labor Standards Act of 1938," ("FLSA") unless Hawaii law

establishes a higher minimum wage or a shorter threshold for

overtime for that individual.  See Haw. Rev. Stat. § 387-1(12).[2]

In other words, an individual gets the benefit of the FLSA or

Chapter 387, whichever is better, but if they are the same, then

that individual is excluded from the definition of "employee" for

purposes of Chapter 387.  See id.  For purposes of Chapter 388,

an employee is defined as "any person suffered or permitted to

work."  Haw. Rev. Stat. § 388-1.

---

[2] In full, Hawaii Revised Statutes Section 387-1(12) provides:

> "Employee" includes any individual employed by an employer, but shall not include any individual employed:
>
>     * * *
>
> (12) In any capacity if by reason of the employee's employment in such capacity and during the term thereof the minimum wage which may be paid the employee or maximum hours which the employee may work during any workweek without the payment of overtime, are prescribed by the federal Fair Labor Standards Act of 1938, as amended, . . . provided that if the minimum wage which may be paid the employee under the Fair Labor Standards Act for any workweek is less than the minimum wage prescribed by section 387-2, then section 387-2 shall apply in respect to the employees for such workweek; provided further that if the maximum workweek established for the employee under the Fair Labor Standards Act for the purposes of overtime compensation is higher than the maximum workweek established under section 387-3, then section 387-3 shall apply in respect to such employee for such workweek; except that the employee's regular rate in such an event shall be the employee's regular rate as determined under the Fair Labor Standards Act.

Haw. Rev. Stat. § 387-1(12).

In his Complaint, Plaintiff pled he "and the other members of the proposed class are 'Employees' of Defendants within the definition of Haw. Rev. Stat. § 387-1," and that he "and the other members of the proposed class are also 'Employees' of Defendants within the definition of Haw. Rev. Stat. § 388-1." ECF No. 8-4 ¶¶ 15, 21.

Aston filed a motion for summary judgment on Plaintiff's Chapter 387 and Chapter 388 claims arguing that Plaintiff could not demonstrate that he and his proposed class are "employees" within the meaning of Chapter 387. See ECF No. 8-7 at 4. Specifically, Aston argued that Plaintiff and his proposed class are excluded from the definition of "employees" under Chapter 387 because the FLSA prescribes the maximum hours that these individuals may work during any workweek, which is forty hours under both the FLSA and Chapter 387. Id. at 8-9. Aston argued that because the FLSA prescribed the maximum hours which Plaintiff and his proposed class could work during the proposed Class Period, Plaintiff could not demonstrate he was an "employee" under Chapter 387 and Plaintiff's claims must fail. Id. In his opposition to Aston's motion for summary judgment, Plaintiff disputed whether Aston is covered under the FLSA and also argued that the FLSA is not the exclusive remedy for the wage violations alleged. See ECF No. 8-12 at 13-15. Following the hearing on Aston's motion for summary judgment, Aston removed

the case to this Court.   The present Motion followed.

DISCUSSION

Removal of an action from state court to federal court is proper if the federal court would have had original jurisdiction over the action.   28 U.S.C. § 1441(a).   Under 28 U.S.C. § 1447(c), a party may bring a motion to remand to challenge removal.   "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand."   Moore–Thomas v. Alaska Airlines, Inc., 552 F.3d 1241, 1244 (9th Cir. 2009); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (holding that there is a "strong presumption" against removal and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").   The defendant who invokes the federal court's removal jurisdiction has the burden of establishing that removal was proper.   Washington v. Chimei Innolux Corp., 659 F.3d 842, 847 (9th Cir. 2011).   As detailed below, the Court finds that Aston has not met its burden to establish that removal was proper.

**I. The Court Lacks Federal Question Jurisdiction.**

A federal court has original jurisdiction over a removed action if the complaint alleges a claim that "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.   Whether a claim arises under federal law is

generally determined by the "'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). "For statutory purposes, a case can 'aris[e] under' federal law in two ways." Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013). The "vast bulk of suits that arise under federal law" are those where "federal law creates the cause of action asserted." Id. The second and "less frequently encountered" category of federal question jurisdiction cases are those where the asserted state law claims "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 312, 314 (2005). Under this "slim" second category, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn, 133 S. Ct. at 1065. Here, Aston argues that Plaintiff's claims necessarily raise two federal issues that are actually disputed, substantial, and capable of appropriate resolution: (1) whether Aston's employees, including Plaintiff, are covered by the FLSA;

and (2) whether Aston violated the FLSA by failing to pay Plaintiff for hours worked.  See ECF No. 12 at 20-26.

First, Aston argues that in order for Plaintiff to state a claim under Hawaii Revised Statutes Section 387-3, Plaintiff must prove that he is an "employee" under Section 387-1(12), which in turn requires Plaintiff to show that the FLSA does not apply.  See ECF No. 12 at 20-24.  Aston contends that FLSA coverage is a necessarily raised federal issue.  Id.  However, the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."  Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 813 (1986).  Assuming, without deciding, that Plaintiff's showing that the FLSA does not apply is a necessary element of Plaintiff's Chapter 387 claim, the Court finds that this federal issue is not "substantial" for purposes of removal jurisdiction. See Grable, 545 U.S. at 314.

The substantiality inquiry considers "the importance of the issue to the federal system as a whole."  Gunn, 133 S. Ct. at 1066.  In Grable, the Supreme Court determined that federal question jurisdiction was appropriate over a state law claim where "the meaning of the federal statute" was an essential element of the state law claim, "and the meaning of the federal statute [was] actually in dispute."  Grable, 545 U.S. at 315. Here, the meaning of the FLSA is not at issue and there is no

substantial dispute regarding the meaning of the applicable provisions of the FLSA.  The only consideration is whether the FLSA applies or does not apply to Plaintiff and the proposed class.

In support of its position, Aston cites an unpublished district court decision from the Southern District of West Virginia.  See ECF No. 12 at 22-23 (discussing Harper v. Massey Coal Servs., No. 2:10-0894, 2011 WL 322558 (S.D.W. Va. Feb. 2, 2011)).  In that case, the court held that it had federal question jurisdiction over state law wage claims that excluded from the definition of "employer" entities that were covered by the FLSA.  Harper, 2011 WL 322558, at *6-*7.  The Court concludes that this case is not binding or persuasive.  Indeed, other courts in that district and in that circuit have reached the opposite conclusion when considering the same and similar statutes.  See Craddock v. Adon Network, Inc., No. 2:10-CV-01401, 2011 WL 1601331, at *5 (S.D.W. Va. Apr. 27, 2011) (holding that federal question jurisdiction was not appropriate because the same state law wage statute did not raise a substantial federal issue) (citing Faye v. High's of Baltimore, 541 F. Supp. 2d 752, 755 (D. Md. 2008) (holding that the court lacked jurisdiction because although the state statute "has made reference to federal regulatory standards to define certain persons who are exempted . . . such limited adoption of federal law is insufficient under

8

the substantial federal question doctrine"); <u>Chandler v. Cheesecake Factory Rest.</u>, 239 F.R.D. 432, 437 (M.D.N.C. 2006) (holding that the court lacked jurisdiction over state law tip pooling claims that expressly referenced the FLSA)).

Unlike cases where the Supreme Court has found a substantial federal issue, this case does not raise a question of law that can "be settled once and for all and thereafter [] govern numerous [] cases."  See <u>Empire Healthchoice Assurance, Inc. v. McVeigh</u>, 547 U.S. 677, 700 (2006) (discussing <u>Grable</u>). The issue here regarding whether Plaintiff and the proposed class are covered by the FLSA is "fact-bound and situation specific." <u>Id.</u> at 701; <u>see</u> <u>also</u> <u>Raytheon Co. v. Alliant Techsystems, Inc.</u>, No. CIV 13-1048-TUC-CKJ, 2014 WL 29106, at *6 (D. Ariz. Jan. 3, 2014) (holding that the federal issue in a subcontractor government contract case was not substantial because "even if an interpretation of federal regulations or specification is required, that does not mean 'the development of a uniform body' of federal law would be undermined or that such an interpretation would control in numerous other cases" (quoting <u>Gunn</u>, 133 S.Ct. at 1067)).  Accordingly, the Court concludes that the issue regarding whether Plaintiff and the proposed class members are covered by the FLSA is not sufficiently substantial to convert Plaintiff's state law claim into one "aris[ing] under the Constitution, treatises or laws of the United States," 28 U.S.C.

§ 1441(b), and conferring federal subject-matter jurisdiction.

If the Court were to hold otherwise, that would allow every claim brought under Hawaii Revised Statutes Chapter 387 to be removed to federal court.  This result runs counter to the Supreme Court's recognition that this type of federal question jurisdiction is limited to a "special and small category" of cases.  See Empire Healthchoice, 547 U.S. at 699.  As the Ninth Circuit has held, a state law statute's "glancing reference to federal law" is insufficient to confer federal jurisdiction over the state law claim.  Nevada v. Bank of Am. Corp., 672 F.3d 661, 676 (9th Cir. 2012); see also Hanna v. CFL Pizza, LLC, No. 6:11-CV-1837-ORL-22, 2012 WL 515875, at *6 (M.D. Fla. Jan. 30, 2012), *report and recommendation adopted by* No. 6:11-CV-1837-ORL-22, 2012 WL 513017 (M.D. Fla. Feb. 16, 2012) (rejecting the defendant's arguments in support of removal and holding that "[t]o find otherwise would potentially 'federalize' every suit filed under the Florida Minimum Wage Act, merely by the Act's reference to the FLSA.").

Second, Aston argues that Plaintiff's Chapter 388 claim also raises a necessary federal issue.  ECF No. 12 at 24-26.  Although Plaintiff's Complaint does not state a claim for recovery under the FLSA, Aston argues that in Plaintiff's opposition to Aston's motion for summary judgment and at the hearing on that Motion, Plaintiff stated that he was seeking to

recover damages under Hawaii Revised Statutes Section 388-6 based on purported violations of the FLSA.  Id. at 24.  In opposition to the present Motion, Plaintiff argues that he will not be required to show that Aston violated the FLSA to support his Section 388-6 claim.  ECF No. 13 at 3-4.

There is no dispute that Plaintiff asserts in his Complaint a state law claim for violations of Section 388-6 based on Aston's alleged withholding of wages otherwise earned by Plaintiff and the purported class.  See ECF No. 7-1 ¶¶ 22-23. This court has rejected arguments that the FLSA preempts Section 388-6.  See Pelayo v. Platinum Limousine Services, Inc., Civil No. 15-00023 DKW-BMK, 2015 WL 5768949, at *4-*5 (D. Haw. Sept. 30, 2015).  Accordingly, at best, the "new theory" that Aston claims that Plaintiff has recently asserted would be an alternative basis for recovery.  The Court rejects Aston's argument that this alternative federal theory is sufficient to support federal question jurisdiction over a state law claim. "When a claim can be supported by alternative and independent theories — one of which is a state law theory and one of which is a federal law theory — federal question jurisdiction does not attach because federal law is not a necessary element of the claim."  Rains v. Criterion Sys., Inc., 80 F.3d 339, 346 (9th Cir. 1996); see also Nevada, 672 F.3d at 674-75 (holding that jurisdiction was lacking where the plaintiff alleged that

defendant violated federal law as part of plaintiff's state law claim).  The Court concludes that Plaintiff's Chapter 388 claim does not provide a basis for federal question jurisdiction.  The Court FINDS that Aston has failed to meet its burden to establish that removal was proper and RECOMMENDS that the district court GRANT Plaintiff's Motion for Remand.

**II. Even Assuming that the Court Had Jurisdiction, Removal Was Not Timely.**

Even assuming that the Court had federal question jurisdiction over this action, Aston's Notice of Removal was untimely.  Generally, a notice of removal must be filed within thirty days after service of the complaint.  28 U.S.C. § 1446(b)(1).  However, if the basis for removal is not evident from the Complaint, a notice of removal must be filed within thirty days after service of the paper from which it may be ascertained that the case is removable.  28 U.S.C. § 1446(b)(3).

Here, Aston argues that the basis for removal was not evident from Plaintiff's Complaint, and therefore, Subsection 1446(b)(3) applies.  Aston argues that its Notice of Removal, filed sixty-nine days after this action was filed in state court, was timely because the first papers from which Aston could ascertain removability were Plaintiff's memorandum in opposition to Aston's motion for summary judgment filed on July 5, 2016, and the transcript of the hearing on Aston's motion for summary

judgment, which Aston received on August 23, 2016.  Id. at 33-36.

The Court rejects this argument.  As discussed in detail above,

Aston argues that Plaintiff's Chapter 387 claim presents a

federal issue because the definition of employee in Hawaii

Revised Statutes Section 387-1 excludes individuals covered by

the FLSA.  See ECF No. 12.  Plaintiff's Section 387 claim is

evident from the face of Plaintiff's Complaint.  Plaintiff

expressly alleges in his Complaint that he and the members of the

class are employees within the definition of Hawaii Revised

Statutes Section 387-1.  See ECF No. 8-4 ¶ 15.  Aston's

jurisdictional arguments are based on information that is evident

on the face of Plaintiff's Complaint.  Accordingly, even if the

Court were to agree with Aston's jurisdictional arguments,

removal of this action was untimely because Aston did not file

its notice of removal within thirty days of the filing of the

Complaint.

### III. The Court Declines to Award Attorneys' Fees.

Plaintiff has requested an award of attorneys' fees and

costs pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n

order remanding [a] case may require payment of just costs and

any actual expenses, including attorney fees, incurred as a

result of the removal."  28 U.S.C. § 1447(c).  Courts should

award attorney's fees and costs under Section 1447(c) "only where

the removing party lacked an objectively reasonable basis for

seeking removal."  <u>Otay Land Co. v. United Enters. Ltd.</u>, 672 F.3d 1152, 1157 (9th Cir. 2012) (quoting <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005).  "Conversely, when an objectively reasonable basis exists, fees should be denied." <u>Martin</u>, 546 U.S. at 141.

In applying this rule, the Ninth Circuit has cautioned that "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted."  <u>Lussier</u>, 518 F.3d at 1065.  Instead, the objective reasonableness of the removal depends on the clarity of the applicable case law and whether such law "clearly foreclosed" the defendant's basis for removal.  <u>Id.</u> at 1066–67 (citing <u>Lott v. Pfizer, Inc.</u>, 492 F.3d 789, 793 (7th Cir. 2007)); <u>see</u> <u>also</u> <u>Garner v. UICI</u>, 508 F.3d 559, 562 (9th Cir. 2007) (holding that removal costs were not warranted where a reasonable litigant in position of the removing party "could have concluded" that federal court was the proper forum).

After careful consideration of the parties' submissions, the Court finds that Aston had an objectively reasonable basis for removal.  Although the Court finds Aston's arguments unpersuasive, the Court cannot conclude that relevant case law "clearly foreclosed" Aston's basis for removal.  The parties did not point to any controlling Ninth Circuit case law

that addressed the particular situation presented in this action – namely, whether reference to a federal statute in a state statute was sufficient to confer federal question jurisdiction. Without such case law on point, the Court is unable to say that Aston's argument was clearly foreclosed.  Accordingly, the Court FINDS that Aston had an objectively reasonable basis for filing its Notices of Removal and Plaintiff is not entitled to removal expenses.  The Court RECOMMENDS that the district court deny Plaintiff's request for attorney's fees and costs under 28 U.S.C. § 1447(c).

                              CONCLUSION

        The Court FINDS that Defendant Aqua-Aston Hospitality, LLC dba Aston Waikiki Beach Hotel did not properly remove this action.  The Court RECOMMENDS that the district court GRANT Plaintiffs' Motion to Remand and DENY Plaintiff's request for attorneys' fees and costs.

        IT IS SO FOUND AND RECOMMENDED.

        DATED AT HONOLULU, HAWAII, NOVEMBER 3, 2016.

                                   _____
                                   Richard L. Puglisi
                                   United States Magistrate Judge


**FABRO V. AQUA-ASTON HOSPITALITY, LLC, ET AL., CIVIL NO. 16-00467 DKW-RLP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION TO REMAND**