UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| FAUSTINO FABRO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>AQUA-ASTON HOSPITALITY, LLC, DOE DEFENDANTS 1-50,<br><br>Defendants. | CIV. NO. 16-00467 DKW-RLP<br><br>**ORDER AFFIRMING THE NOVEMBER 3, 2016 FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR REMAND AND DENY PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES AND COSTS** |

**ORDER AFFIRMING THE NOVEMBER 3, 2016 FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR REMAND AND DENY PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES AND COSTS**

Plaintiff Faustino Fabro filed this action, on behalf of himself and an unidentified class of former co-workers, in Hawai'i state court against his former employer, Defendant Aqua-Aston Hospitality, LLC, *fka* Aston Hotels & Resorts, LLC, *dba* Aston Waikiki Beach Hotel, and Doe Defendants 1–50 ("Aqua-Aston"). *See* Compl., CV 16-1-1139-06, ¶¶ 5–6, Dkt. No. 8-4 (identifying the suit as a class action where the class would include Fabro and unidentified "past and present housekeeping employees of the Aston Waikiki Beach Hotel"). Aqua-Aston

subsequently removed the action to this Court (Dkt. Nos. 1, 7), and Fabro filed a

motion for remand (Dkt. No. 10).  On November 3, 2016, the Magistrate Judge

entered his Findings and Recommendation to Grant Plaintiff's Motion for Remand

and Deny Plaintiff's Request for Attorneys' Fee and Costs ("F&R").  Dkt. No. 15.

Before the Court are Aqua-Aston's objections to portions of the F&R.  Dkt. No.

17.  For the reasons stated below, the Court ADOPTS the F&R, GRANTS Fabro's

Motion for Remand, and DENIES Fabro's request for attorneys' fees and costs.

## BACKGROUND

Fabro is a former "houseman" and "housekeeping inspector" at Aqua-

Aston's Waikiki hotel.  *See* Compl. ¶¶ 5, 13, Dkt. No. 8-4.  On June 15, 2016,

Fabro brought an action against Aqua-Aston in the Circuit Court for the First

Circuit, State of Hawai'i alleging, *inter alia*, that on "multiple occasions" since

June 13, 2010, Aqua-Aston had (i) instructed Fabro and others "to report to work

and to commence working at a certain time but not to clock in until after they had

already commenced working," and (ii) altered Fabro's and others' time records,

"and thereby avoided compensating said employees all wages due for the time

worked as well as overtime compensation." Compl. ¶¶ 16–17.  As such, Fabro

claims, Aqua-Aston willfully and deliberately violated Hawai'i Revised Statutes

("HRS") Sections 387-3 (maximum hours), 387-6 (employer's records), and 388-6

(withholding of wages).  Compl. ¶¶ 18–19, 22–23.  Aqua-Aston answered Fabro's

complaint and filed a motion for summary judgment ("MSJ") on July 1, 2016.

Def.'s Answer to Compl., Dkt. No. 8-6; MSJ, Dkt. No. 8-7.

In its MSJ, Aqua-Aston characterized the action as a suit for allegedly

failing to pay wages and expenses required by the Fair Labor Standards Act of

1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, as amended.  Aqua-Aston also argued

that Fabro and the proposed class are excluded from HRS Chapter 387's definition

of "employees" because the FLSA prescribes the maximum hours that these

individuals may work during any workweek, which is forty hours under both the

FLSA and the HRS.  *See* F&R at 4, Dkt. No. 15 (citing MSJ at 4).  Fabro opposed

Aqua-Aston's MSJ in an August 9, 2016 memorandum in opposition ("MIO").

Pl.'s Mem. in Opp'n to Def.'s MSJ, Dkt. No. 8-12 [hereinafter MIO to MSJ].  In

that memorandum, Fabro questioned Aqua-Aston's threshold contention that it is

an "enterprise engaged in commerce or in the production of goods for commerce"

under the FLSA and argued that the FLSA is not the exclusive remedy for the

alleged wage violations.  MIO to MSJ at 19–20 (citing MSJ at 4–8; 29 U.S.C.

§§ 203(r)(1), (s)(1)(A)).  Aqua-Aston filed its reply in support of the MSJ on

August 12, 2016.  Reply, Dkt. No. 8-15.  The Circuit Court subsequently denied

Aqua-Aston's MSJ during an August 17, 2016 hearing.  *See* Am. Notice of

Removal, Ex. C, at 13, Dkt. No. 7-3 [hereinafter 8/17/16 Transcript].

Aqua-Aston removed Fabro's action to federal court on August 23, 2016 (Dkt. No. 1) and filed an Amended Notice of Removal on August 31, 2016 (Dkt. No. 7).  Aqua-Aston's removal petition is based on its assertion that this case requires the evaluation of federal questions, including the statutory construction of the FLSA.  Am. Notice of Removal ¶ 5, Dkt. No. 7 (citing 28 U.S.C. § 1331)).  Aqua-Aston argues that because it qualifies as an "enterprise engaged in commerce or in the production of goods for commerce" under the FLSA, Fabro is barred from seeking relief under HRS Chapter 387, and any basis for recovery would be grounded in federal law.  Am. Notice of Removal ¶ 3 (citing 29 U.S.C. § 203(s)(1)(A); HRS § 387-1(12)).

On September 21, 2016, Fabro filed his Motion to Remand to State Court (Dkt. No. 10) and argued that removal was improper under the "well-pleaded complaint rule" because no federal question appeared on the face of Fabro's complaint.  *See* Mem. in Supp. of Mot. at 8, Dkt. No. 10-1 [hereinafter Remand Mem.].  To that end, Fabro argued that his MIO to MSJ did not "raise" the federal, FLSA issue either by arguing that Aqua-Aston is not an interstate enterprise within the meaning of the FLSA, or by citing to an unpublished decision by this Court.[1]

---

[1]In *Pelayo v. Platinum Limousine Services*, Civil No. 15-00023 DKW-BMK, 2015 WL 5768949 (D. Haw. Sept. 30, 2015), the court allowed an HRS Chapter 388 claim to proceed to collect wages for time worked under the FLSA.  Despite Aqua-Aston's suggestion otherwise, *Pelayo* does *not* stand for the proposition that HRS § 388-6 is merely a vehicle for enforcing the FLSA.  *See* Mem. in Supp. of Obj. at 10–11, Dkt. No. 17-1 [hereinafter Objections Mem.].  Rather, *Pelayo* holds that plaintiff's stated claims under HRS § 388-6 and the FLSA were separate,

Remand Mem. at 6–7.  Aqua-Aston filed an MIO to Fabro's Motion to Remand on

October 5, 2016 (Dkt. No. 12), and Fabro replied on October 18, 2016 (Dkt.

No. 13).

On November 3, 2016, the Magistrate Judge entered the F&R (Dkt. No. 15),

recommending that Fabro's Motion for Remand be granted and that Fabro's

included request for attorneys' fees and costs be denied. F&R at 2.  Before the

Court are Aqua-Aston's objections to portions of the F&R.  *See* Def.'s Obj. to

F&R, Dkt. No. 17.  Fabro did not file a response to these objections.  For the

reasons stated below, the Court ADOPTS the F&R, GRANTS Fabro's Motion for

Remand, and DENIES Fabro's request for attorneys' fees and costs.

## STANDARD OF REVIEW

A motion to remand is a case-dispositive motion that requires the issuance of

findings and recommendations if initially reviewed by a magistrate judge.  *See*

*Flam v. Flam*, 788 F.3d 1043, 1047 (9th Cir. 2015) (citing *Williams v. Beemiller,*

*Inc.*, 527 F.3d 259, 266 (2d Cir. 2008)); *Keown v. Tudor Ins. Co.*, 621 F. Supp. 2d

1025, 1029 (D. Haw. 2008).   When a party objects to a magistrate judge's findings

or recommendations, the district court must review de novo those portions to

---

plausible vehicles for recovering unpaid wages, and that the FLSA does not preempt the state
law provision.  2015 WL 5768949 at *5–6 (concluding that the plaintiffs' allegations "that they
were hourly employees who completed tasks for which they were not compensated, but for
which compensation had been earned" successfully stated a "plausible claim to recover unpaid
wages" under Sections 388-6 and 388-11).

which the objections are made and "may accept, reject, or modify, in whole or in

part, the findings or recommendations made by the magistrate judge."  28 U.S.C.

§ 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United

States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Under a de novo standard, this court reviews "the matter anew, the same as

if it had not been heard before, and as if no decision previously had been

rendered."  *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *United

States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988).  Although the district court

need not hold a de novo hearing, it is the court's obligation to arrive at its own

independent conclusion about those portions of the magistrate judge's findings or

recommendations to which a party objects.  *United States v. Remsing*, 874 F.2d

614, 618 (9th Cir. 1989).

## DISCUSSION

Because Fabro's Complaint is based upon Hawai'i state law and does not

allege any federal cause of action, this Court lacks subject matter jurisdiction over

the dispute.  Therefore, Aqua Aston's removal to this Court was improper, and its

objections to the F&R are overruled.

Removal of an action from state to federal court is proper if the federal court

would have had original jurisdiction over the action.  28 U.S.C. § 1441(a).

Federal district courts "have original jurisdiction of all civil actions arising under

the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Aqua-

Aston relies solely on federal question jurisdiction under 28 U.S.C. § 1331 as the

basis for removal in this case. Am. Notice of Removal ¶ 7. The issue of whether

federal question jurisdiction exists is governed by the "well-pleaded complaint

rule," which provides that federal question jurisdiction may only be invoked when

a federal question is presented on the face of a plaintiff's properly pleaded

complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Generally, an

action is deemed to "arise under" federal law where it is a "federal law [that]

creates the cause of action" that the plaintiff has asserted. *Gunn v. Minton*, 133

S. Ct. 1059, 1064 (2013). Actions asserting state-law claims may also be deemed

to "arise under" federal law for purposes of federal question jurisdiction if the

asserted state law: (1) "necessarily raise[s] a stated federal issue," (2) that is

"actually disputed" and (3) "substantial," and (4) "which a federal forum may

entertain without disturbing any congressionally approved balance of federal and

state judicial responsibilities." *Grable & Sons Metal Prods. v. Daru Eng'g &*

*Mfg.*, 545 U.S. 308, 314 (2005).

"Federal jurisdiction must be rejected if there is any doubt as to the right of

removal in the first instance," and a defendant who invokes the federal court's

removal jurisdiction "always has the burden of establishing that removal is

proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted)

(noting that there is a "strong presumption" against removal jurisdiction); *accord*

*Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011).  *See*

*generally* 8 U.S.C. § 1447(c) (allowing parties to challenge removal by moving to

remand).  Pursuant to the discussion below, the Court finds that Aqua-Aston has

not met its burden in the instant case.

A.      **The Court adopts all unchallenged portions of the F&R.**

As a threshold matter, Aqua-Aston limits its objections to the F&R's

discussion of Fabro's claims under HRS Chapter 388.  Objections Mem. at 3

("Aqua-Aston does not object to the F&R's conclusions regarding the coverage of

Section 387-3 , the removability of [Fabro]'s Section 387-3 claim, the timeliness of

removal based on [Fabro]'s Section 387-3 claim, or the refusal to award attorney's

fees to [Fabro].").  As such, the Court adopts the Magistrate Judge's F&R with

respect to Fabro's claims under HRS Chapter 387 and the request for attorneys'

fees without further discussion.  *See Reyna-Tapia*, 328 F.3d at 1121 ("[T]he district

judge must review the magistrate judge's findings and recommendations de novo *if*

*objection is made*, but not otherwise." (discussing 28 U.S.C. § 636(b)(1)(C))).

B.      **Aqua-Aston has not demonstrated that Fabro's Chapter 388**
        **wage-withholding claims "arise under" federal law such that**
        **original jurisdiction in federal court would have been proper.**

Aqua-Aston contends that Fabro's HRS Chapter 388 claim "encompass[es]

enforcement of the FLSA" and therefore converts Fabro's state law claims into

8

claims "aris[ing] under the Constitution, treaties or laws of the United States" for

purposes of federal question jurisdiction.  28 U.S.C. 1441(b); *see* Objections Mem.

at 26; *see also* MIO to Mot. for Remand at 24–26, Dkt. No. 12.  The "mere

presence of a federal issue in a . . . cause of action," however, "does not

automatically confer federal-question jurisdiction."  *Nevada v. Bank of Am. Corp.*,

672 F.3d 661, 674 (9th Cir. 2012) (quoting *Merrell Dow Pharm., Inc. v.*

*Thompson*, 478 U.S. 804, 813 (1986)).  Rather, "[t]he plaintiff is the 'master' of his

complaint; where he may pursue state and federal law claims, he is free to pursue

either or both, so long as fraud is not involved."  *Ultramar Am. Ltd. v. Dwelle*, 900

F.2d 1412, 1414 (9th Cir. 1990) (quoting *Savelson v. W. States Bankcard Ass'n*,

731 F.2d 1423, 1426–27 (9th Cir. 1984)).  In other words, plaintiffs can avoid

federal jurisdiction by relying exclusively on state law.  *Caterpillar*, 482 U.S. at

392; *cf., e.g.*, *Holmes Grp. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 831

(2002) (noting that under this rule, a defendant's counterclaim cannot itself *create*

federal question jurisdiction).  Here, the parties agree that Fabro's complaint only

seeks recovery under the HRS.  *See* Objections Mem. at 7–8 (quoting Compl.

¶¶ 22–23).  Thus, Aqua-Aston's only basis for removal would be some "other

paper" that necessarily raised an actually disputed and substantial issue that may be

heard in federal court without disrupting the balance of state and federal power.[2]

*Grable & Sons*, 545 U.S. at 314.

In its Objections Memorandum, Aqua-Aston specifically challenges the

Magistrate Judge's finding that Fabro's Chapter 388-6 claim "can be supported by

alternative and independent theories—one of which is a state law theory and one of

which is a federal law theory—[and therefore] federal question jurisdiction does

not attach because federal law is not a necessary element of the claim." Objections

Mem. at 4 (some brackets in original) (quoting F&R at 11 (quoting *Rains v.*

*Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996))). This objection is without

merit.

Fabro's Chapter 388 claim does not "necessarily raise[]" a federal issue.

*Grable & Sons*, 545 U.S. at 314. Under HRS § 388-6, employers may not "deduct,

retain, or otherwise require to be paid, any part or portion of any compensation

earned by any employee" without consent or legal obligation. "An employer who

'fails to pay wages in accordance with [this chapter] without equitable

---

[2]"[I]f the case *stated by the initial pleading* is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable." *Rea v. Michaels Stores*, 742 F.3d 1234, 1237 (9th Cir. 2014) (second emphasis added) (quoting 28 U.S.C. § 1446(b)(3)). Based on this rule, Aqua-Aston argues that "[Fabro]'s clarification of his Chapter 388 claim . . . encompass[es] enforcement of the FLSA and, most importantly, his intent to actually use Chapter 388 to enforce the FLSA" was not revealed "until Aqua-Aston received ['other' papers in the form of Fabro]'s Opposition Memorandum [(MIO to MSJ)] and/or the [8/17/16] Transcript." Objections Mem. at 2, 26 (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005)).

justification' is liable to the affected employee for a sum equal to the amount of

unpaid wages, in addition to the wages due." *Davis v. Four Seasons Hotel, Ltd.*,

810 F. Supp. 2d 1145, 1151 (D. Haw. 2011) (quoting HRS § 388-10).

To state a plausible claim for recovery under HRS Chapter 388, Fabro need

only demonstrate that he (and the purported class) "completed tasks for which they

were not compensated, but for which compensation had been legally earned."

*Pelayo*, 2015 WL 5768949 at *6.  Fabro thus could have satisfied the Chapter 388

pleading requirements by asserting that wages are due under HRS Chapter 387,

under an agreement between the parties, whether the promises therein are implied

or explicitly written into a formal employment contract, or under the FLSA's

"specific minimum protections" that shield individual workers from "substandard

wages and oppressive working hours." *Barrentine v. Arkansas-Best Freight Sys.*,

450 U.S. 728, 739 (1981) (emphasis deleted).  *See, e.g.*, *Pelayo*, 2015 WL 5768949

at *4–6 (rejecting the defendant's argument that HRS § 388-6 is merely an

alternative mechanism to enforce the FLSA and finding a plausible claim for relief

based on legal entitlement to allegedly unpaid wages under Section 388-6, where

plaintiffs alleged that defendants implemented "company-wide policies and/or

decisions including refusing to pay Plaintiffs" and that "Defendants at least

implicitly promised Plaintiffs that Defendants would comply with applicable law

in paying wages and reimbursing expenses" (internal citations and brackets

11

omitted)); *Hillhouse v. Haw. Behavioral Health, LLC*, Civil No. 14-00155 LEK-BMK, 2014 WL 5528239, *2 (D. Haw. Oct. 31, 2014) (holding that, although a plaintiff—who initially alleged that defendants "refused to pay the full amount of Plaintiff's remaining salary and bonus amounts due and wrongfully withheld Plaintiff's wages"—"d[id] not allege any additional details, what she d[id] include is sufficient to plead a plausible claim under Chapter 388" (internal record citations, ellipses, and brackets omitted)).  For this reason, courts have held that causes of action under HRS Chapter 388 may be "distinct" from those brought under the FLSA.  *See Pelayo*, 2015 WL 5768949 at *5 n.4; *cf. Williamson v. Gen. Dynamics Corp.*, 208 F.3d 144, 1152 (9th Cir. 2000) (noting that the FLSA's drafters "explicitly reject[ed]" the contention that "the FLSA is the exclusive remedy for claims duplicated by or equivalent of rights covered by the FLSA" by including a savings clause in the statute at 29 U.S.C. § 218(a)).

Here, Fabro contends in the complaint that Aqua-Aston violated HRS Section 388-6 by "requiring housekeeping employees to report to work and begin working at specified times but prohibiting said employees from reporting, and failing to pay the employees for, that time." Compl. ¶¶ 22–23.  This is a plausible claim for relief under Chapter 388, which is based on wages that Fabro and the purported class could have argued entitlement to under either HRS Chapter 387, their individual employment agreements with Aqua-Aston, *or*, as Fabro's counsel

12

later acknowledged at the hearing on Aqua-Aston's MSJ,[3] under the FLSA.  That

the same facts could have been the basis for a claim brought on any of these

theories of recovery—including the FLSA—does not convert Fabro's wage-

recovery action under HRS Chapter 388 into an FLSA-based cause of action.  *See*

*Pasion v. Cty. of Kauai*, No. CV 13-00676 ACK-RLP, 2014 WL 957433, *4 (D.

Haw. Mar. 11, 2014) (citing *Rains*, 80 F.3d at 346).  Indeed, the question of

"whether the complaint states a claim 'arising under' federal law must 'be

ascertained by the legal construction of the plaintiff's allegations and not by the

effect attributed to those allegations by the adverse party.'"  *Ultramar*, 900 F.2d at

1414 (quoting *Tennessee v. Union & Planter's Bank*, 152 U.S. 454, 460 (1894))

(some quotation marks and brackets omitted); *accord Pasion*, 2014 WL 957433 at

*4 (quoting *Ultramar*, *supra*, for the same).  Accordingly, the disposition of

Fabro's Chapter 388-6 claim does not *necessarily require* a determination of

whether Aqua-Aston violated the FLSA.  *Cf., e.g.*, *Nevada,* 672 F.3d at 675 ("Nor

does the Complaint's reference to the [federal Fair Debt Collection Practices Act]

necessarily raise a substantial issue of federal law.").

---

[3]Aqua-Aston points to the 8/17/16 MSJ Transcript and alleges that "Plaintiff's counsel confirmed Plaintiff's Chapter 388 claim seeks to collect unpaid wages allegedly earned under the FLSA." Am. Notice of Removal ¶ 5 (citing to 8/17/16 Transcript at 5–6, 7)).  However, that assertion does not fairly represent the argument by Fabro's counsel at the MSJ hearing.  Fabro's counsel argued that regardless of whether Aqua-Aston was legally obligated to pay Fabro under HRS § 387 or under the FLSA (which Aqua-Aston had argued for), Fabro may still claim those unpaid wages under Section 388-6.  8/17/16 Transcript at 7.

The Court further holds that even though Fabro's allegations may also be supported by a federal action under the FLSA, and even though the parties "actually dispute" whether the FLSA should apply in this specific case, "there is no *substantial* federal question [here] because [Fabro's] claim is also supported by an independent state theory." *Rains*, 80 F.3d at 347 (emphasis added). Any FLSA-type federal issue that Fabro has raised is therefore not "substantial" for purposes of conferring subject matter jurisdiction on this Court under *Grable & Sons*, 545 U.S. at 314. Based on these conclusions, the Court need not, and does not, address the fourth factor of the *Grable & Sons* test.

Aqua-Aston has failed to meet its burden of demonstrating that this action "arises under" federal law for purposes of conferring subject matter jurisdiction on this Court under 28 U.S.C. § 1331. *See Washington*, 659 F.3d at 847; *Gaus*, 980 F.2d at 566. Thus, in the absence of another basis for subject matter jurisdiction, Aqua-Aston improperly removed this case under 28 U.S.C. § 1441(a).

**C.     Aqua-Aston's HRS Chapter 388 timeliness objection is moot.**

In light of the above discussion, Aqua-Aston's timeliness objection with respect to Fabro's Chapter 388 claim is moot. That is, *even if* the Court were to find that Aqua-Aston's Amended Notice of Removal was timely, removal was still improper based on the Court's conclusion, *supra*, that the disposition of Fabro's

Chapter 388 claim does *not* confer subject matter jurisdiction on this Court.

Accordingly, the Court does not address the timeliness matter further.

<u>**CONCLUSION**</u>

The Court hereby ADOPTS the November 3, 2016 F&R, OVERRULES

Aqua-Aston's objections thereto, and GRANTS Fabro's Motion for Remand.

Fabro's request for attorneys' fees and costs is DENIED.

IT IS SO ORDERED.

Dated: February 2, 2017 at Honolulu, Hawai'i.

_____
Derrick K. Watson
United States District Judge

_____
*Faustino Fabro v. Aqua-Aston Hospitality, LLC, et al.;*
Civil No. 16-00467 DKW-RLP; **ORDER AFFIRMING THE NOVEMBER 3, 2016 FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR REMAND AND DENY PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES AND COSTS**